IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03209-BNB

DEJUAN B. THORNTON-BEY,

    Plaintiff,

v.

F. CORDOVA, AHSA,
T.W. HALL, AW,
S. MOLINAR, R.N.,
H. REDDEN, SIS,
P. RANGEL, Acting SIA,
A. OSAGIE, PA, and
BOP, ET AL,

    Defendants.

---

ORDER DENYING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915

---

Plaintiff, DeJuan B. Thornton-Bey, is in the custody of the Federal Bureau of Prisons at the ADX Facility in Florence, Colorado. On November 22, 2013, Mr. Thornton-Bey filed, *pro se*, a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). After initially granting Mr. Thornton-Bey's request to proceed *in forma pauperis* on January 2, 2014, the Court vacated this order and directed Mr. Thornton-Bey to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915. (*See* ECF No. 8).

Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

> dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).

In the Order to Show Cause, the Court explained that Mr. Thornton-Bey, on three or more prior occasions, has brought an action that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief may be granted. *Thornton-Bey v. Adm. Office of U.S. Courts, et al.*, No. 10-cv-01546-UNA (D. D.C. Aug. 31, 2010) (dismissed for failure to state a claim), *aff'd*, No. 10-5351 (D.C. Cir. Oct. 4, 2011) (summarily affirmed); *Thornton-Bey v. Adm. Office of U.S. Courts, et al.*, No. 09-cv-00958-UNA (D. D.C. May 7, 2009) (dismissed for failure to state a claim, counts as a strike under § 1915(g)); *Thornton-Bey v. Obama*, No. 08-cv-01430-UNA (D. D.C. Sept. 4, 2008) (dismissed pursuant to 28 U.S.C. § 1915A(a)-(b) because plaintiff seeks money relief from a defendant who is immune from such relief); *Thornton-Bey v. Darrah, et al.*, No. 06-cv-00491 (N.D. Ill. May 15, 2006) (dismissed pursuant to § 1915(e)(2(B) for failure to state a claim and counts as a strike under § 1915(g)), *appeal dismissed*, No. 06-3219 (7th Cir. Feb. 15, 2007). Each of the dismissals in the above-noted cases qualify as a strike under § 1915(g). *See Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2011).

The Court further noted that in the instant action, Mr. Thornton-Bey alleges he is in imminent danger of serious physical injury. Mr. Thornton-Bey, however, failed to assert facts to support a claim of current, ongoing serious physical injury or likelihood of imminent serious physical injury to fall within the "imminent danger" exception. Therefore, he was ordered to show cause why he should not be denied leave to

proceed pursuant to 28 U.S.C. § 1915(g).

On February 11, 2014, the Court granted Mr. Thornton-Bey's request for an extension of time and ordered Mr. Thornton-Bey to respond to the Court's order to show cause by March 10, 2014.  (*See* ECF No. 11).  Mr. Thornton-Bey has failed to file a response to the show cause order within the time allowed.

As stated above, Mr. Thornton-Bey's allegations in the Prisoner Complaint do not satisfy the imminent danger exception, which requires "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172, 1179 (10th Cir. 2011); *see also Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008) (unpublished) (to fall within the exception, a prisoner must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.") (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).  Vague or conclusory allegations of harm are insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

Therefore, because Mr. Thornton-Bey fails to assert that he is in imminent danger of serious physical injury and because he has filed at least three actions in a federal court that have been dismissed as either legally frivolous or for failure to state a claim, the § 1915 Motion will be denied.  If Mr. Thornton-Bey wishes to pursue his claims in this action, he must pay the $400.00 filing fee pursuant to 28 U.S.C. § 1914(a). Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is DENIED.  It is

FURTHER ORDERED that Mr. Thornton-Bey shall have **thirty days from the date of this Order** to pay the entire $400.00 filing fee to pursue his claims in this action. It is

FURTHER ORDERED that if Mr. Thornton-Bey fails to pay the entire $400.00 filing fee within the time allowed, this action will be dismissed without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED at Denver, Colorado, this  21st  day of    March   , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court